IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| K.S. and C.S., <br>     Plaintiffs <br><br>     v. <br><br> WARWICK SCHOOL COMMITTEE, by and through Jennifer Ahern sued in her capacity as Chairperson of the Warwick School Department and MARY LEONE, individually and in her capacity as Manager, chairperson and representative for Warwick Public Schools and HEIDI FANION, individually and in her capacity as Social Worker for the Warwick Public Schools <br>     Defendants | No. 1:17-cv-00258-MSM-LDA |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

    The history of this case, and a detailed recitation of the facts alleged, are contained in the Court's Memorandum and Order of August 4, 2020 (ECF No. 42) which granted Summary Judgment to the defendants on Count I. Count I had alleged a violation of the Individuals with Disabilities education Act (IDEA) by virtue of the denial to K.S. of a free appropriate public education (FAPE). 20 U.S.C. § 1400(d)(1(A). The matter remains before the Court on the defendants' Rule 12(c) Motion for Judgment on the Pleadings on Counts II, III and IV.

    Counts II and III allege retaliation in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203 and § 504 of the Rehabilitation Act of

1

1973, 29 U.S.C. § 794.  The Title II claim is brought on behalf of K.S. alone, while the § 504 claim is brought on behalf of both K.S. and her mother, C.S.  With respect to Counts II and III, the plaintiffs acknowledge, and the Court finds, that they cannot move forward because of the factual and legal conclusions that underlie the Court's granting of summary judgment on Count I.  Therefore, the Court GRANTS the defendants' Rule 12(c) Motion for Judgment on the Pleadings with respect to those Counts (ECF No. 28).

Count IV alleges retaliation against both K.S. and C.S. in violation of the First Amendment to the United States Constitution.  A 12(c) motion "is treated much like a Rule 12(b)(6) motion to dismiss," requiring the Court to "view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom."  *Perez-Acevedo v. Rivero-Cubano,* 520 F.3d 26, 29 (1st Cir. 2008).  To prevail on a First Amendment retaliation claim, a plaintiff must show that she suffered an adverse action taken by the government in retaliation for protected activity.  In essence, that element supplies the injury allegedly resulting from the retaliation.  In *M.M.R.-Z. ex rel. Ramirez-Senda v. Puerto Rico*, 528 F.3d 9, 13 (1st Cir. 2008), for example, the plaintiff alleged he was denied educational services in retaliation for exercising his First Amendment right to complain to the police.  In *Collins v. Nuzzo,* 244 F.3d 246, 251 (1st Cir. 2001), the plaintiff was denied a dealership license renewal, allegedly because he had sued the Board of aldermen.  In this case, the injury -- or adverse action -- that K.S. alleges is the "failure to comply with her IEP, Defendants' failure to provide her with a FAPE, and Defendants'

2

adversarial tactics directed at K.S. and her mother." (ECF No. 2, Para. 69). The Court has found, in its August 4, 2020 Order, that the IEP was complied with and there was no denial of a FAPE. With respect to the so-called "adversarial tactics," the allegations are too vague and insubstantial to support a claim.[1]

The allegations of Count IV with respect to plaintiff C.S. are similarly inadequate. Essentially, the adverse action that C.S. complains of is the "chilling" of her attempts to advocate on behalf of her daughter. But there is a lack of specificity as to what C.S. might have done had she not been "chilled." More fundamentally, the efforts she undertook were all in an effort to obtain a FAPE for her daughter. This Court has, however, already found that a FAPE was provided. In addition, C.S. alleges the adverse action to have somehow impeded her ability "to act as a participant, despite her power of attorney and facilitator status for K.S." (ECF No. 2, Para. 70). But there is no specificity to those complaints, except for a vague notion that her effectiveness was somehow compromised.

Even if the plaintiffs' allegations of adverse actions were sufficient that is not enough. They are also required to show that the "actions" would not have been taken but for, in this case, their filing of the previous class action suit. *Nieves v. Bartlett*, ___ U.S. ___, 139 S.Ct. 1715, 1722, 204 L.Ed.2d 1 (2019) ("a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the

---

[1] The Complaint alleges the behavior of a counselor "changed" without specifying in what ways, that the counselor failed to say "hello" to her on one occasion, that the replacement counselor did not supply her with the courtesy of a pre-transportation text message, and that she was required to take up legal issues related to litigation with her attorney rather than directly with school officials.

3

plaintiff's 'subsequent injury.'").  There must not simply be a causal connection: the retaliatory motive "must *cause* the injury."  *Id.* (emphasis original).  *Here*, there is a complete lack of foundation for this causation element in the Amended Complaint.

The Court finds that Count IV fails to satisfy the criteria of pleading a First Amendment retaliation claim and I therefore GRANT the defendants' motion for judgment on the pleadings on this Count as well.  (ECF No. 28).

IT IS SO ORDERED:

Mary S. McElroy,
United States District Judge

October 29, 2020